**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV-13 1641**

---------------------------------------------------------x

DANNY GRODOTZKE and ROBERT RUGGIERIO
as Trustees of PLUMBERS LOCAL UNION NO. 200
WELFARE FUND, PENSION FUND, VACATION
FUND, SUPPLEMENTAL VESTED ANNUITY
FUND, ADDITIONAL SECURITY BENEFITS FUND
and APPRENTICE TRAINING FUND, and JAY
MARELLI as President of PLUMBERS LOCAL
UNION NO. 200, UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES OF THE
PLUMBING AND PIPE FITTING INDUSTRY OF
THE UNITED STATES AND CANADA,

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT       :.Y.

★   **MAR 27 2013**   ★

**COMPLAINT**

Civil Action No.: LONG ISLAND OFFICE

Plaintiffs,

**HURLEY, J**

-against-

**TOMLINSON, M**

TYREE SERVICE CORP., TYREE HOLDINGS
CORP., AMINCOR, INC., JOSEPH F. INGRASSIA,
ROBERT L. OLSON, RICHARD OSWALD, JOHN R.
RICE III, STEPHEN J. TYREE, WILLIAM M.
TYREE, LARRY E. TYREE CO., INC. a/k/a
LARETCO COMPANY, INC., T.M. EXCAVATING
CORP. a/k/a TMCO COMPANY, INC., TYREE
MAINTENANCE CO. INC. a/k/a MAINCO
COMPANY, INC., and WESTCHESTER FIRE
INSURANCE COMPANY,

Defendants.

---------------------------------------------------------x

Plaintiffs, DANNY GRODOTZKE and ROBERT RUGGIERIO, as Trustees of

PLUMBERS LOCAL UNION NO. 200 WELFARE FUND, PENSION FUND, VACATION

FUND, SUPPLEMENTAL VESTED ANNUITY FUND, ADDITIONAL SECURITY

BENEFITS FUND and APPRENTICE TRAINING FUND, (hereinafter, collectively, the

"Funds), and JAY MARELLI as President of PLUMBERS LOCAL UNION NO. 200, UNITED

ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE

FITTING INDUSTRY OF THE UNITED STATES AND CANADA (hereinafter, the "Union"),

by and through their attorneys, Archer, Byington, Glennon & Levine, LLP, as and for their complaint, respectfully allege as follows:

## NATURE OF ACTION

1.     This action arises under Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. §185, and Sections 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(2) and 1132(a)(3).  Plaintiffs bring this action to recover unpaid fringe benefit contributions and for breach of fiduciary duty and violation of Sections 515, 406, and 404 of ERISA, 29 U.S.C. §§1145, 1106 and 1104, and for failure to comply with the statutory and contractual obligations arising by virtue of defendant Tyree Service Corp.'s collective bargaining agreement with the Union, and for declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs also bring pendent and supplemental claims against defendant Westchester Fire Insurance Company ("Surety") pursuant to its obligations under its surety bond as hereinafter more fully set forth.

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred upon this Court by Sections 502(e)(1) and (f) of ERISA, 29 U.S.C. §§1132(e)(1) and (f), by Section 301(a) of the LMRA, 29 U.S.C. §185(a), and under 28 U.S.C. §1331 and §1367.

3.     Venue properly lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and under Section 301(c) of the LMRA, 29 U.S.C. §185(c). Service may be made on defendants in any district in which defendants may be found pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## PARTIES

4.     Plaintiffs, Danny Grodotzke and Robert Ruggierio are Trustees and fiduciaries of the Funds within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§1002(21) and 1132.

5.     Plaintiff Jay Marelli is President of the Union, a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), which represents employees in an industry affecting commerce as defined in 29 U.S.C. §142. The Union has its principal office and place of business within the State of New York at 2123 Fifth Avenue, Ronkonkoma, New York 11779.

6.     At all relevant times, plaintiff Funds are and have been employee benefit welfare plans and/or employee benefit pension plans as defined in ERISA, 29 U.S.C. §1002(1) and (2), and multiemployer plans within the meaning of ERISA, 29 U.S.C. §§1145 and 1002(37)(A). The Funds are at all relevant times "Taft Hartley" plans, meeting the requirements of 29 U.S.C. §186(c)(5). The Funds are administered and have a principal place of business within the State of New York at 2121 Fifth Avenue, Ronkonkoma, New York 11779.

7.     Plaintiff Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The Funds receive and collect required employee benefit contributions and provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements. The Funds are operated pursuant to the terms of written Agreements and Declaration of Trust (hereinafter the "Trust Agreements").

3

8.     Upon information and belief, defendant Tyree Service Corp. ("Tyree Service") is a corporation organized and existing under the laws of the State of Delaware, and is authorized and conducts business in the State of New York, with a place of business and/or mailing address at 208 Route 109, Farmingdale, New York 11735.

9.     Upon information and belief, defendant Tyree Holdings Corp. ("Tyree Holding") is a corporation organized and existing under the laws of the State of Delaware, and is authorized and conducts business in the State of New York, with a place of business and/or mailing address at 208 Route 109, Farmingdale, New York 11735.

10.     Upon information and belief, defendant Amincor, Inc. ("Amincor") is a corporation organized and existing under the laws of the State of Nevada, and is authorized and conducts business in the State of New York, with a place of business and/or mailing address at 1350 Avenue of the Americas 24FL, New York, New York 10019.

11.     Upon information and belief, defendant Joseph F. Ingrassia ("Ingrassia") is an individual with a place of business and mailing address at Amincor, Inc., 1350 Avenue of the Americas 24FL, New York, New York 10019. Upon information and belief, Ingrassia maintains a residential address at 29 North Church Road, Saddle River, New Jersey 07458.

12.     Upon information and belief, defendant Robert L. Olson ("Olson") is an individual with a place of business and mailing address at Amincor, Inc., 1350 Avenue of the Americas 24FL, New York, New York 10019.  Upon information and belief, Olson maintains a residential address at 24 Brook Hill Lane, Norwalk, Connecticut 06851.

13.     Upon information and belief, defendant Richard Oswald ("Oswald") is an individual with a place of business and mailing address at 208 Route 109, Farmingdale, New York 11735, and/or 3000 Midlantic Drive, Suite 105, Mount Laurel, New Jersey 08054.

4

14.     Upon information and belief, defendant John R. Rice III ("Rice") is an individual with a place of business and mailing address at Amincor, Inc., 1350 Avenue of the Americas 24FL, New York, New York 10019.  Upon information and belief, Rice maintains a residential address at 1C Makamah Beach Road, Fort Salonga, New York 11768.

15.     Upon information and belief, defendant Stephen J. Tyree ("Steve Tyree") is an individual with a place of business and mailing address at 208 Route 109, Farmingdale, New York 11735. Upon information and belief, Steve Tyree maintains a residential address at 112 Cypress Drive, Woodbury, New York 11797.

16.     Upon information and belief, defendant William M. Tyree ("Bill Tyree") is an individual with a place of business and mailing address at 208 Route 109, Farmingdale, New York 11735. Upon information and belief, Bill Tyree maintains a residential address at 20 Shore Oaks Drive, Stony Brook, New York 11790.

17.     Upon information and belief, and as more fully set forth herein, defendants Tyree Service, Tyree Holding and Amincor (hereinafter the "Company Defendants") are each an "employer" within the meaning of the LMRA, 29 U.S.C. §§142(3) and 152(2), and pursuant to Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

18.     To the extent that any of the Company Defendants, Ingrassia, Olson, Oswald, Rice, Steve Tyree and/or Bill Tyree (hereinafter, individually and collectively, the "Tyree Defendants"), exercised any authority or control with respect to the management or disposition of assets of the Funds, the Tyree Defendants are fiduciaries within the meaning of ERISA, 29 U.S.C. §1002(21)(A).

19.     The Tyree Defendants are parties in interest with respect to the Funds as defined in ERISA, 29 U.S.C. §1002(14)(H), and act directly as employers and/or indirectly in the

5

interests of employers in relation to the Funds within the meaning of ERISA, 29 U.S.C. §1002(5).

20.     Upon information and belief, defendant Larry E. Tyree Co., Inc. a/k/a Laretco Company, Inc. ("Larry Tyree Co.") is a New York corporation in dissolution, with a place of business and/or mailing address at 208 Route 109, Farmingdale, New York 11735.

21.     Upon information and belief, defendant T.M. Excavating Corp. a/k/a TMCO Company, Inc., ("TM Excavating") is a New York corporation in dissolution, with a place of business and/or mailing address at 208 Route 109, Farmingdale, New York 11735.

22.     Upon information and belief, defendant Tyree Maintenance Co., Inc. a/k/a Mainco Company, Inc. ("Tyree Maintenance") is a New York corporation in dissolution, with a place of business and/or mailing address at 208 Route 109, Farmingdale, New York 11735.

23.     Upon information and belief, defendant Surety is Pennsylvania corporation authorized to do business in the State of New York and is authorized to enter into and write bonds and undertakings in the State of New York, as authorized by the New York State Insurance Law, with a place of business and/or mailing address at 436 Walnut Street, WA10H, Philadelphia, Pennsylvania 19106-3703.

## AS AND FOR A FIRST CLAIM FOR RELIEF

24.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 23 hereof, as if fully set forth herein and with the same force and effect.

25.     As of in or about January 2008, and at all times thereafter, the Union, on behalf of its members, and defendant Tyree Service have been party to or otherwise bound by a Collective Bargaining Agreement (the "CBA"), governing the rates of pay, wages, hours, and other

conditions of employment of its employees covered by the CBA. At all times relevant, the CBA has been in full force and effect.

26. Pursuant to the CBA, Tyree Service agreed and is obligated to pay employee benefit contributions and assessments to the Funds in agreed amounts and specified percentages of the wages of employees covered by the CBA.

27. Pursuant the CBA, Tyree Service is subject to and bound by the Trust Agreements. The CBA and the Trust Agreements provide, among other things, that an employer delinquent in the payment of employee benefit contributions shall be liable for all contributions owed, together with liquidated damages, interest, attorneys' fees, court costs and audit fees, all in accordance with ERISA.

28. As a result of work perform by individual employees employed by Tyree Service, there are unpaid employee benefit contributions and assessments due and owing to plaintiffs, upon information and belief in the known amount of at least $258,020.09 for the period from August 2012 through and including February 2013.

29. None of these employee benefit contributions or assessments have been paid although duly demanded, and the plaintiffs have been damaged.

30. By reason of the foregoing, Tyree Service is liable to plaintiffs for unpaid employee benefit contributions and assessments in the amount of at least $258,020.09, plus such additional sums for unpaid fringe benefit contributions as have and may hereafter come due during the pendency of this action, together with interest thereon, liquidated damages, and the reasonable attorneys' fees and costs of this action.

7

## AS AND FOR A SECOND CLAIM FOR RELIEF

31.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 30 hereof, as if fully set forth herein and with the same force and effect.

32.     Upon information and belief, on or about January 17, 2008, the defendants Tyree Service and Tyree Holding acquired and took over the business and assets, and assumed certain liabilities, of Larry Tyree Co., T.M. Excavating, and Tyree Maintenance (the "Predecessor Companies").

33.     Upon information and belief, the liabilities assumed by Tyree Service and Tyree Holding in taking over the business and assets of the Predecessor Companies included liabilities for the Predecessor Companies' unpaid employee benefit contributions and assessments, owed pursuant to Collective Bargaining Agreements with the Union.

34.     At all relevant times, the Predecessor Companies had been party to or otherwise bound by a series of Collective Bargaining Agreements with the Union, the most recent of which with a stated term of June 1, 2005 through April 30, 2009.

35.     Upon information and belief, the defendants Steve Tyree and/or Bill Tyree have at relevant times been controlling officers, directors and/or management employees of the Predecessor Companies.

36.     Upon information and belief, the defendant Bill Tyree negotiated the Collective Bargaining Agreements covering the Predecessor Companies, and executed those Collective Bargaining Agreements as officer of Larry Tyree Co., and the defendant Bill Tyree also negotiated and signed the CBA as an officer and on behalf of Tyree Service.

37.     Upon information and belief, the defendants Ingrassia, Olsen, Oswald, Rice, Steve Tyree and/or Bill Tyree (each and together, the "Individual Defendants"), have at relevant

8

times been controlling officers, directors and/or management employees of Tyree Service and of Tyree Holding, with authority and responsibility for managing the operations, finances, and business of both.

38.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have shared common ownership and corporate officers and/or directors.

39.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have conducted business out of the same location, 208 Route 109, Farmingdale, New York 11735.

40.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have shared ownership, use, and/or common control over business equipment and vehicles.

41.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have shared common management.

42.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have shared common supervision.

43.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have shared common control over labor relations.

44.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have shared common professional and administrative services, including office staff.

45.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have shared common customers.

46.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have performed the same or similar services for customers.

47.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have shared a common business purpose.

48.     Upon information and belief, at relevant times, the defendants Tyree Service and Tyree Holding have shared common business operations.

49.     Upon information and belief, the Individual Defendants, as controlling officers, directors and/or management employees of Tyree Service and Tyree Holding (each and together, the "Tyree Companies"), exercised complete control over the labor relations and finances of the Tyree Companies, and were responsible for payment to the Funds of the employee benefit contributions and assessments required to be paid to plaintiffs under the CBA, and/or arising from the Predecessor Companies' Collective Bargaining Agreements. As such, the Individual Defendants were possessed of the power, authority, means, and responsibility to cause the Tyree Companies to meet their obligations to the plaintiffs.

50.     Upon information and belief, the Individual Defendants, among other acts and/or omissions, exercised this control to determine which employees were to have employee benefit contributions and assessments paid into the Funds and which were not, and when and if employees were to have employee benefit contributions and assessments paid into the Funds.

51.     Upon information and belief, by failing to remit required fringe benefit contributions, assessments, and contribution report forms to the Funds for the hours of work for employees, and/or by virtue of the transfer of employees from the payroll of the Predecessor Companies to the Tyree Companies, the Individual Defendants have failed to make payment to the plaintiffs for hours of employment for which contributions and assessments to the Funds are

10

required, and have falsely reported to the Funds and/or concealed hours of employment for which contributions and assessments are required, with the intent and purpose of evading the Tyree Companies' obligations under the CBA and/or arising from the Predecessor Companies Collective Bargaining Agreements.

52.    By reason of the foregoing, the Tyree Companies have been operated as a single integrated enterprise and/or together constitute a single employer and/or joint employer, and/or have operated as alter egos of one another.

53.    By reason of the foregoing, the Tyree Companies are each bound by the CBA and the Trust Agreements and are liable, jointly and severally, for unreported and unpaid fringe benefit contributions and assessments required to be paid to the Funds under the CBA and/or arising from the Predecessor Companies' Collective Bargaining Agreements.

**AS AND FOR A THIRD CLAIM FOR RELIEF**

54.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 53 hereof, as if fully set forth herein and with the same force and effect.

55.    Upon information and belief, the defendants Ingrassia and Rice have at relevant times been controlling officers, directors and/or management employees of the defendant Amincor, with the authority and responsibility for managing the operations, finances, and business of Amincor.

56.    Upon information and belief, in or about October 2010, the defendants Ingrassia and Rice exercised their control over Tyree Service, Tyree Holding and Amincor, to cause the defendant Amincor to acquire and take over the defendants Tyree Service and Tyree Holding, and to consolidate, direct and manage their business and operations.

11

57. By virtue of the foregoing, and pursuant to the terms of the CBA, the defendant Amincor is bound by the CBA and liable for the unpaid contributions and assessments owed by Tyree Service and/or Tyree Holding, as if Amincor were a direct signatory to the CBA, jointly with Tyree Service.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

58. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 57 hereof, as if fully set forth herein and with the same force and effect.

59. Pursuant to § 209 of ERISA, 29 U.S.C. § 1059, the Tyree Companies have a duty to maintain adequate records regarding the hours worked by employees for whom fringe benefit contributions have and/or are required to be paid into the Funds.

60. Pursuant to the CBA and the Trust Agreements, the Tyree Companies are required, inter alia, to file certain employer contribution reports with the Funds, and are further required to permit and cooperate in the conduct of audits of the Tyree Companies' books and payroll records, and to furnish to the Funds such information, books, records and reports as are required to ensure compliance with the terms of the CBA, and to ascertain the amount of employee benefit contributions, dues and wage deductions owed pursuant to the CBA.

61. Despite due demand by the Funds, the Company Defendants have failed and refused to permit and cooperate in the conduct of an audit of the Tyree Companies' books and records, and/or have failed and refused to furnish to the Funds required information, books, records and reports, including, but not limited to, such information and records for the Predecessor Companies, to ensure compliance with the terms of the CBA and the Trust Agreements, and to ascertain the amount of employee benefit contributions, dues and wage deductions owed by the Company Defendants to plaintiffs.

62.     The failure, refusal and neglect of the Company Defendants to provide access to the required books and records for audit by the Funds constitutes a violation and breach of the Company Defendants' statutory and contractual duties, and plaintiffs have been damaged.

63.     Accordingly, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132, Section 301 of the LMRA, 29 U.S.C. § 185, and in accordance with the CBA and the Trust Agreements, plaintiffs are entitled to an Order compelling the Company Defendants to permit and cooperate in the conduct of an audit of the Tyree Companies books and payroll records, and to produce to the Funds' auditors all books, records and reports required to conduct a payroll audit, including, but not limited to, required information, books, records and reports for the Predecessor Companies, to ascertain the amount of employee benefit contributions, dues and wage deductions, owed by the Company Defendants to plaintiffs, together with an award to plaintiffs of the audit fees, costs, disbursements and reasonable attorneys' fees incurred, as provided by the CBA, the Trust Agreements and ERISA, 29 U.S.C. §1132.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

64.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 63 hereof, as if fully set forth herein and with the same force and effect.

65.     Section 515 of ERISA, 29 U.S.C. § 1145, requires every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, to make such contributions in accordance with the terms and conditions of such plan or such agreement.

66.     The Funds are multiemployer plans as defined in Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

67.    By virtue of the CBA, the Company Defendants are statutorily required to make contributions to the Funds pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

68.    The failure, refusal, or neglect of the Company Defendants to make the required contribution payments to the Funds constitutes a violation of defendants' statutory duty, and has injured the Funds by delaying the investment of contributions and causing unnecessary administrative expense to the Funds.

69.    Section 502 of ERISA, 29 U.S.C. § 1132, provides that upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus interest on the unpaid principal computed at a rate set forth in the plan, or if none, as set forth in the United States Internal Revenue Code [26 U.S.C. § 6621], plus an additional amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan up to the sum of twenty percent (20%) of the unpaid contributions, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

70.    Accordingly, pursuant to ERISA, 29 U.S.C. § 1132, the CBA and the Trust Agreements, plaintiffs are entitled to an award against the Company Defendants, jointly and severally, of all unpaid fringe benefit contributions required to be paid to the Funds by virtue of work performed by employees of the Tyree Companies and/or the Predecessor Companies, together with interest on the unpaid contributions, plus an additional amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages in the amount of up to twenty (20%) percent of the unpaid contributions, together with the audit fees, reasonable attorneys' fees, costs and disbursements incurred in the action.

14

## AS AND FOR A SIXTH CLAIM FOR RELIEF

71.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 70 hereof, as if fully set forth herein and with the same force and effect.

72.     Pursuant to ERISA, 29 U.S.C. § 1104(a)(1)(A), fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses."

73.     Upon information and belief, as a result of work performed by or on behalf of the Tyree Companies under the CBA, the Tyree Companies received sums of money for construction projects intended to pay the wages and benefits of employees furnishing labor on the said construction projects, and, upon information and belief, fringe benefit contributions and dues and wage deductions remain unpaid for such work.

74.     The Tyree Companies are fiduciaries within the meaning of ERISA, under the common law, and Article 3A of the New York Lien Law, with respect to these construction project proceeds, and/or the plan assets and/or dues and wage deductions that they failed to timely pay over to plaintiffs.

75.     Upon information and belief, at relevant times the Individual Defendants have completely controlled and dominated the affairs of the Tyree Companies and carried on the business of the Tyree Companies for their own personal ends and benefit.

76.     Upon information and belief, at relevant times the Individual Defendants have had managerial discretion and control over the Tyree Companies, and made all decisions concerning payments by the Tyree Companies.

15

77.     Upon information and belief, at relevant times the Individual Defendants determined which creditors the Tyree Companies would pay, determined when the plaintiffs would be paid, determined how much money would be paid to the plaintiffs, and exercised discretionary control over money due and owing to the plaintiffs.

78.     Upon information and belief, the Individual Defendants and/or the Tyree Companies have commingled construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages, with the Tyree Companies' general assets, and used such proceeds and/or plan assets and/or dues and fringe benefit deductions to pay other creditors of the Tyree Companies, rather than forwarding those monies to the plaintiffs.

79.     Upon information and belief, while causing the Tyree Companies to retain construction project proceeds and/or plaintiffs' assets, the Individual Defendants have diverted those assets for their own personal use and/or benefit.

80.     By withholding the plaintiffs' assets and/or diverting construction project proceeds, the Individual Defendants and/or the Tyree Companies have received and retained for their own personal use and benefit monies which are rightfully assets of the plaintiffs, in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A), and have violated their fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

81.     By withholding plan assets and/or dues and fringe benefits deducted from employees' wages, and/or by diverting construction project proceeds, the Individual Defendants and/or the Tyree Companies have failed to abide by the documents and instruments governing the Funds in violation of ERISA, 29 U.S.C. § 1104(a)(1)(D), and their fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

16

82.    By withholding plan assets and/or dues and fringe benefits deducted from employees' wages, and/or by diverting construction project proceeds, the Individual Defendants are individually and personally liable for the violations of ERISA described above, and for violation of their fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

83.    By reason of the foregoing, the Individual Defendants and/or the Tyree Companies are liable, jointly and severally, to plaintiffs for all diverted construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages which remain unpaid, as well as interest, liquidated damages, and the costs and fees of collection, and to restore to the plaintiffs any profits that such defendants made through use and retention of diverted construction project proceeds, plan assets and/or dues and fringe benefits deducted from employees' wages, pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, and their fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF

84.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 83 hereof, as if fully set forth herein and with the same force and effect.

85.    Pursuant to ERISA, 29 U.S.C. § 1106(a)(1)(A) and (B), it is unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit. Absent an exemption, ERISA makes it unlawful for fiduciaries to deal with plan assets for his personal account, 29 U.S.C. § 1006(b)(1)-(3).

17

86. Upon information and belief, at relevant times the Individual Defendants and the Company Defendants have been parties in interest with respect to the plaintiffs Funds within the meaning of ERISA, 29 U.S.C. § 1002(14).

87. By diverting construction project proceeds and/or withholding plan assets and/or dues and fringe benefits deducted from employees' wages from the plaintiff Funds, The Individual Defendants and/or Company Defendants have dealt with plan assets in their own interest and/or exchanged property or extended credit from plan assets for their own use and benefit in violation of ERISA, 29 U.S.C. § 1106(a) and (b).

88. As a result of the breaches of fiduciary duty described above, the Individual Defendants and/or Company Defendants are liable to plaintiffs, jointly and severally, for all diverted construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages which remain unpaid, as well as interest, liquidated damages, and the costs and fees of collection, and to restore to the plaintiffs any profits that such defendants made through use and retention of diverted construction project proceeds, plan assets and/or dues and fringe benefits deducted from employees' wages, pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, and their fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF

89. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 88 hereof, as if fully set forth herein and with the same force and effect.

90. If this Court does not enjoin the Individual Defendants and Company Defendants from further violations of ERISA, the LMRA, the CBA and Trusts Agreements, plaintiffs and

18

the Funds' participants and beneficiaries will be further damaged as a result, in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

91.     The Individual Defendants and Company Defendants have failed to comply with their obligations to the plaintiffs and the Funds' participants and beneficiaries, despite demand for compliance, and thus, upon information and belief, unless this Court enjoins these defendants from violating ERISA, the LMRA, the CBA and Trust Agreements, they will continue to fail to timely remit required contributions, deductions, and monthly remittance reports, causing additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Funds, and endangering the payment of promised benefits from the Funds to qualified beneficiaries.

92.     The Individual Defendants' and Company Defendants' continuing failure to comply with their obligations to plaintiffs and the Funds' participants has reduced the corpus and income of the Funds, thereby jeopardizing the stability and soundness of the Funds as well as the ability to pay benefits.

93.     Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

94.     Unless this Court enjoins the Individual Defendants and Company Defendants from breaching ERISA, the LMRA, the CBA and Trust Agreements, and unless these defendants are compelled to remit all monies and reports that become due or are determined to be due to plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the plaintiffs and the Funds' participants and beneficiaries, by denial of relief, than could possibly be inflicted upon these defendants by granting such relief.

## AS AND FOR A NINTH CLAIM FOR RELIEF

86.      Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 85 hereof, as if fully set forth herein and with the same force and effect.

87.      Upon information and belief, defendant Surety was, and at all relevant times, the surety under the terms of its bond no. K075542380 (the "Bond"), guaranteeing, inter alia, the obligations of Tyree Service, the named Principal under the Bond, to make employee benefit contribution and assessment payments to plaintiffs under the CBA, pursuant to which plaintiffs are entitled to payment on the claims herein asserted. A copy of the Bond is annexed hereto as Exhibit A.

88.      Plaintiffs have duly provided notice and demand for payment of the continuing delinquent amounts owed pursuant to the Bond and the CBA, and Surety and its Bond Principal, Tyree Service, have failed and refused to pay plaintiffs under the terms of the Bond and the CBA, without justification.

89.      No part of the delinquent amounts owed by Tyree Service under the CBA have been paid by any of the Company Defendants, the Individual Defendants, or the Surety, despite due demand., and such delinquent amounts remain due and unpaid

90.      Plaintiffs have duly complied with any and all conditions precedent necessary for bringing this action.

91.      By reason of the foregoing, pursuant to the terms of the Bond, the Surety and Tyree Service are liable, jointly and severally, to the plaintiffs in the sum of $130,000 (the penal sum of the Bond), plus interest thereon, and attorneys' fees and costs, on account of labor performed for Tyree Service for which contributions and assessments are due and owing, and by

20

virtue of the Surety's and Tyree Service's obligations and plaintiffs' rights under the Bond, the CBA, ERISA and the LMRA.

**WHEREFORE**, plaintiffs demand judgment against defendants, as follows:

a.       On the First Claim for Relief, against Tyree Service, for damages in the sum of at least $258,020.09 in unpaid fringe benefit contributions and assessments for the period August 2012 through February 2013, plus interest, liquidated damages, attorneys' fees and costs;

b.       On the Second Claim for Relief, entry of an Order determining and declaring that the Tyree Companies are liable for unpaid employee benefit contributions and assessments of the Predecessor Companies, and that as of in or about January 2008, the Tyree Companies have been operating as a single employer and/or together constitute a joint employer, and/or are the alter-egos of one another, and that each is bound by the CBA and liable, jointly and severally, for unreported and unpaid fringe benefit contributions and assessments required under the CBA and/or arising from the Predecessor Companies' Collective Bargaining Agreements;

c.       On the Third Claim for Relief, entry of an Order determining and declaring that pursuant to the terms of the CBA, as of in or about October 2010, the defendant Amincor is bound by the CBA and liable for the unpaid contributions and assessments owed by the Tyree Companies, as if Amincor were a direct signatory to the CBA, jointly with Tyree Service;

d.       On the Fourth Claim for Relief, entry of judgment enjoining and directing the Company Defendants to permit and cooperate in an audit of the Tyree Companies' books and records, and to produce to the Funds' auditors all books, records and reports

required to conduct a payroll audit, including, but not limited to, required information, books, records and reports for the Predecessor Companies, to ascertain the amount of employee benefit contributions, dues and wage deductions owed by the Company Defendants to plaintiffs, together with an award to plaintiffs of the audit fees, costs, disbursements, and reasonable attorneys' fees incurred, and that the Company Defendants, jointly and severally, are liable to the plaintiffs therefor;

      e.     On the Fifth Claim for Relief, entry of judgment awarding damages for all unpaid contributions required to be paid to the Funds by virtue of work performed by employees of the Tyree Companies and/or the Predecessor Companies, including as determined by the audit sought herein and as required under the CBA, plus interest thereon from the time each such amount was due pursuant to ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), and that the Company Defendants, jointly and severally, are liable to the plaintiffs therefor;

      f.     On the Fifth Claim for Relief, entry of an Order awarding an additional amount equal to the greater of (i) the amount of interest awarded pursuant to paragraph (e) above, or (ii) liquidated damages provided for under the CBA and/or Trust Agreements in the sum up to twenty percent (20%) of the unpaid contributions, as mandated by ERISA §502(g)(2)(C), 29 U.S.C. §1132(g)(2)(C), and that the Company Defendants, jointly and severally, are liable to the plaintiffs therefor;

      g.     On the Fifth Claim for Relief, entry of judgment awarding damages for all unpaid contributions as have and may hereafter come due during the pendency of this action, together with interest and liquidated damages thereon pursuant to the CBA and

§502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and that the Company Defendants, jointly and severally, are liable to the plaintiffs therefor;

h.      On the Fifth Claim for Relief, entry of judgment awarding all costs, disbursements, and reasonable attorneys' fees incurred, as mandated by ERISA §502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), and that the Company Defendants, jointly and severally, are liable to the plaintiffs therefor;

i.      On the Sixth and Seventh Claims for Relief, awarding judgment in plaintiffs' favor against the Individual Defendants and the Tyree Companies, jointly and severally, for recovery of all diverted construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages which remain unpaid, as well as interest, liquidated damages, and the costs and fees of collection.

j.      On the Sixth and Seventh Claims for Relief, entry of judgment in plaintiffs' favor and against the Individual Defendants and the Tyree Companies, jointly and severally, to restore to the plaintiffs any profits that these defendants made through use and retention of diverted construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages;

k.      On the Eighth Claim for Relief, entry of judgment enjoining and directing the Individual Defendants and the Company Defendants, and each of them, to comply in all respects with the terms and conditions of the CBA and the Trust Agreements, to pay the agreed upon fringe benefit contributions and dues and wage deductions, and to supply all required information, bonds or deposits, in accordance with Individual Defendants' and Company Defendants' obligations under the CBA,  the Trust Agreements, ERISA and the LMRA;

l.      On the Ninth Claim for Relief, entry of judgment in plaintiffs' favor and against the Surety and Tyree Service, jointly and severally, in the sum of $130,000 (the penal sum of the Bond), plus interest thereon, and attorneys' fees and costs, on account of labor performed for Tyree Service for which contributions and assessments are due and owing, and by virtue of the Surety's and Tyree Service's obligations and plaintiffs' rights under the Bond, the CBA, ERISA and the LMRA; and

m.      Directing such other and further relief as to this Court seems just and proper.

Dated: Melville, New York
March 25, 2013

ARCHER, BYINGTON, GLENNON & LEVINE, LLP

By: _____
John H. Byington III
Attorneys for Plaintiffs
One Huntington Quadrangle, Suite 4C10
P.O. Box 9064
Melville, New York  11747-9064
631- 249-6565

733848

24

**Exhibit A**

## WESTCHESTER FIRE INSURANCE COMPANY

## RIDER

To be attached to and form part of Bond Number K07542384

| | |
|---|---|
| Issued by: | WESTCHESTER FIRE INSURANCE COMPANY |
| On behalf of: | LARRY E. TYREE COMPANY, INC. |
| In favor of: | BOARD OR BOARDS OF TRUSTEES OF PLUMBERS LOCAL UNION #200 |
| In the amount of: | ONE HUNDRED THIRTY THOUSAND AND 00/00 ($130,000.00) |
| This rider effective: | JANUARY 14, 2009 |

It is hereby understood and agreed that the PRINCIPAL NAME BE AMENDED AS FOLLOWS:

FROM: LARRY E. TYREE COMPANY, INC.

TO: TYREE SERVICE CORP.

It is hereby understood and agreed that the bond is signed on behalf of Westchester Fire Insurance Company by it's Attorney-In-Fact

Nothing herein contained shall be held to vary, alter, waive, or extend any of the terms, conditions, agreements, or limitations of the above mentioned Bond, other than as above stated.

Signed, sealed and dated this 19th day of January, 2009

TYREE SERVICE CORP.
Principal

By:

WESTCHESTER FIRE INSURANCE COMPANY
Surety

By:
MARY ANN MENDEZ, ATTORNEY-IN-FACT

JAN 2 3 2009

**SURETY ACKNOWLEDGMENT**
STATE OF NEW YORK
COUNTY OF NASSAU                    } SS:

On this *19* day of *January* the year 200*9* , before me personally came *Gregory Nevers* to me known, who being by me duly sworn, did depose and say that he resides in *Dix Hills, NY* that he is the attorney-in-fact of *Western Surety Insurance Co* corporation described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

NOTARY PUBLIC STAMP

ROBERT G. TYNAN
Notary Public, State of New York
No. 30-4048970
Qualified in Nassau County
Commission Expires May 30, 20 *11*

_____
NOTARY PUBLIC

**INDIVIDUAL – PRINCIPAL**

STATE OF
COUNTY OF                    } SS:

On this _____ day of _____ . 20_____ before me, the undersigned personally came and appeared
_____ to me personally known and known to me to be
_____ the individual described in and who executed the foregoing instrument
and duly acknowledges to me that _____ executed the same.

NOTARY PUBLIC STAMP

_____
NOTARY PUBLIC

**CORPORATION – PRINCIPAL**

STATE OF New York
COUNTY OF Suffolk                    } SS:

On this *21* day of *June* 200*9* before me came *Stephen Tyll* me known, who, being by me duly sworn, did depose and say that he resides at *208 Rt 109, Farmingdale, 11735* that he is *CEO* of *Tyree Service Corp* corporation described in and which executed the foregoing instrument as principal; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

NOTARY PUBLIC STAMP

Barbara Smith
Notary Public, State of NY
No. 01CA5061595
Qualified in Suffolk County
Commission Expires June 10, 2010

*Barbara Smith*
NOTARY PUBLIC

**PARTNERSHIP – PRINCIPAL**

STATE OF
COUNTY OF                    } SS:

On this _____ day of _____ . 20_____ before me personally came _____ to me personally
known, and known to me to be a member of the firm of _____ and he duly acknowledged to me that
he executed the same for the uses and purposes therein mentioned.

NOTARY PUBLIC STAMP

_____
NOTARY PUBLIC

**Power of Attorney**

**79507W**

WESTCHESTER FIRE INSURANCE COMPANY    1278768

Know all men by these presents: That WESTCHESTER FIRE INSURANCE COMPANY, a corporation of the State of New York, having its principal office in the City of Atlanta, Georgia, pursuant to the following Resolution, adopted by the Board of Directors of the said Company on December 11, 2006, to wit:

(1) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized to appoint any Writing Commitment for and on behalf of the Company, under the seal of the Company or otherwise...

(2) Each duly appointed Attorney-in-fact of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise...

(3) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to appoint in writing any person the attorney-in-fact of the Company with full power and authority to execute, for and on behalf of the Company, under the seal of the Company or otherwise, such Written Commitments of the Company as may be specified in such written appointment...

(4) Each of the Chairman, the President and Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to delegate in writing to any other officer of the Company the authority to execute...

(5) The signature of any officer or other person executing any Written Commitment or appointment or delegation pursuant to this Resolution, and the seal of the Company, may be affixed by facsimile on such Written Commitment or written appointment or delegation.

FURTHER RESOLVED, that the foregoing Resolution shall not be deemed to be an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and such Resolution shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

FURTHER RESOLVED, that the Resolution of the Board of Directors of the Company adopted at their meeting duly held on November 8, 1999 relating to the authorization of certain persons to execute, for and on behalf of the Company, Written Commitment had been adopted and is hereby amended.

Does hereby nominate, constitute and appoint MILENA DUH, RICHARD GUARINO, GARY MORRISSEY and MARY ANN MENDEZ all of the City of Garden City, State of New York, each individually if there be more than one named, its true and lawful attorney-in-fact, to make, execute, seal and deliver on its behalf, and as its act and deed any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof in penalties not exceeding Five Million Dollars ($5,000,000) and the execution of such writings in pursuance of these presents shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office.

IN WITNESS WHEREOF, the said Stephen M. Haney, Vice President, has hereunto subscribed his name and affixed the corporate seal of the said WESTCHESTER FIRE INSURANCE COMPANY this 22nd day of October 2008.

WESTCHESTER FIRE INSURANCE COMPANY

Stephen M. Haney, Vice President



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

On this 22nd day of October A.D. 2008, before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came Stephen M. Haney, Vice President of the WESTCHESTER FIRE INSURANCE COMPANY to me personally known to be the individual and officer who executed the preceding instrument, and he acknowledged that he executed the same, and that the seal affixed to the preceding instrument is the corporate seal of said Company, that the said corporate seal and his signature were duly affixed by the authority and direction of the said corporation, and that Resolution, adopted by the Board of Directors of said Company, referred to in the preceding instrument, is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Philadelphia the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREM E. BRANDT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires September 26, 2010

Notary Public

I, the undersigned Assistant Secretary of WESTCHESTER FIRE INSURANCE COMPANY, do hereby certify that the original POWER OF ATTORNEY, of which the foregoing is a substantially true and correct copy, is in full force and effect.

In witness whereof, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of the Corporation, this ___ day of _____.



William L. Kelly, Assistant Secretary

THIS POWER OF ATTORNEY MAY NOT BE USED TO EXECUTE ANY BOND WITH AN INCEPTION DATE AFTER October 22, 2010.

THE BACK OF THIS DOCUMENT LISTS VARIOUS SECURITY FEATURES THAT WILL PROTECT AGAINST COUNTERFEIT AND ALTERATION.

**WESTCHESTER FIRE INSURANCE COMPANY**

**FINANCIAL STATEMENT**                                    **DECEMBER 31, 2007**

### ADMITTED ASSETS

| | |
|---|---:|
| BONDS | $1,894,333,225 |
| SHORT - TERM INVESTMENTS | 44,452,312 |
| STOCKS | 162,879,156 |
| REAL ESTATE | 0 |
| CASH ON HAND AND IN BANK | 120,728,404 |
| PREMIUM IN COURSE OF COLLECTION* | 98,464,181 |
| INTEREST ACCRUED | 17,354,985 |
| OTHER ASSETS | 204,378,044 |
| **TOTAL ASSETS** | **$2,542,689,887** |

### LIABILITIES

| | |
|---|---:|
| RESERVE FOR UNEARNED PREMIUMS | $332,335,628 |
| RESERVE FOR LOSSES | 1,288,506,080 |
| RESERVE FOR TAXES | 7,568,645 |
| FUNDS HELD UNDER REINSURANCE TREATIES | 0 |
| OTHER LIABILITIES | 111,449,144 |
| **TOTAL LIABILITIES** | **1,739,857,367** |

| | |
|---|---:|
| CAPITAL: SPECIAL SURPLUS | 178,774,500 |
| CAPITAL: 928,592 SHARES, $4.85 PAR VALUE | 4,502,571 |
| CAPITAL: PAID IN | 182,133,304 |
| SURPLUS (UNASSIGNED) | 437,521,045 |
| **SURPLUS TO POLICYHOLDERS** | **802,932,820** |

| | |
|---|---:|
| **TOTAL** | **$2,542,889,887** |

(*EXCLUDES PREMIUM MORE THAN 90 DAYS DUE.)

STATE OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

John P. Taylor, being duly sworn, says that he is Vice President of
Insurance Company of North America and that to the best of his knowledge and belief the
foregoing is a true and correct statement of the said Company's financial condition as of the
31 st day of December, 2007

Sworn before me this _15th April 2008_

_____
Vice President

_Diane Wright_
Notary Public

_August 8 2011_
My commission expires

COMMONWEALTH OF PENNSYLVANIA
Diane Wright, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires August 8, 2011
Member, Pennsylvania Association of Notaries

Bond No.: K07542386

## KNOW ALL MEN BY THESE PRESENTS

That we, __LARRY E. TYREE COMPANY, INC._____, of

(Name of Employer)

_____

(Address)

(or if a Corporation, duly authorized and licensed to do business in the State of New York,

having a principal place of business at __208 Route 109, Farmingdale, NY  11735_____

(Address)

as Principal, and __Westchester Fire Insurance Company_____

(Name of Surety)

a Corporation, licensed to do business in the State of New York, and authorized by the Insurance
Department of the State of New York to execute surety bonds, having its principal office at
__436 Walnut Street, WA18H, Philadelphia, PA 19106-3703_____

(Address)

are held firmly bound to the Board or Boards of Trustees of Plumbers Local Union #200 of the
United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of
the United States and Canada, a successor to the below named Plumbers Local Unions #775 &
457, (hereinafter "Plumbers Local Union #200) Welfare Fund, Plumbers Local Union #200
Vacation Fund, Plumbers Local Union #200 Pension Fund, Plumbers Local Union #200
Supplemental Individual Annuity Fund, and Plumbers Local Union No. 200 Additional Security
Benefit Fund, and Plumbers Local Union #200 Apprentice Training Fund, (commonly known in
the aggregate as Plumbers Local Union #200 Fringe Benefit Funds), and the Plumbing Industry
Promotion Fund of Long Island, a successor to the below named Plumbing Industry Promotion
Funds, and to the Board or Boards of Trustees of Plumbers Local Union No. 775 of the United
Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the
United States and Canada, a predecessor to Plumbers Local Union #200, (hereinafter "Plumbers
Local Union #775) Welfare Fund, Plumbers Local Union No. 775 Pension Fund, Plumbers
Local Union No. 775 Additional Security Benefit Fund, Plumbers Local Union No. 775 Vested
Pension Fund, Plumbers Local Union No. 775 Vacation Fund, and Plumbers Local Union #775
Joint Apprenticeship Training Fund (commonly known in the aggregate as Plumbers Local
Union #775 Fringe Benefit Funds), and the Suffolk County Plumbing Industry Development
(a/k/a Suffolk County Plumbing Industry Promotional) Fund, and the Board or Boards of
Trustees of Plumbers Local Union #457 of the United Association of Journeymen and
Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, a prede-
cessor to Plumbers Local Union #200, (hereinafter "Plumbers Local Union #457) Welfare Fund,
Plumbers Local Union #457 Vacation Fund, Plumbers Local Union #457 Pension Fund,
Plumbers Local Union #457 Supplemental Individual Annuity Fund, and Plumbers Local Union
#457 Apprentice Training Fund, (commonly known in the aggregate as Plumbers Local Union
#457 Fringe Benefits Funds), and the Plumbing Industry Promotion Fund of Nassau County, all

having an office for collection in the State of New York, County of Nassau, at 137 Willis Avenue, Mineola, New York 11501, as Obligees, in the Penal Sum of _$130,000.00__ Dollars lawful money of the United States, to be paid to said Obligees, their successors and assigns for which payment will and truly to be made, the Principal and the Surety do hereby jointly and severally bind themselves, their and each of their heirs, executors, administrators, successors and assigns, sealed with our seals and dated the _29th____ day of _February, 2007 _____.

WHEREAS, pursuant to a Collective Bargaining Agreement or Agreements made and entered into by and between the PLUMBING CONTRACTORS ASSOCIATION OF LONG ISLAND, INC., and Employers of Journeymen and Apprentice Plumbers including the Principal herein, and Plumbers Local Union #200, Plumbers Local Union #775, and Plumbers Local Union 457, now in full force and effect and hereafter amended from time to time, which among other things provides that the Principal shall pay to the Obligees for the benefit of members of Plumbers Local Union #200, Plumbers Local Union #775, and Plumbers Local Union #457, jointly and severally, and such other Local Unions which may be members of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, whose members may be performing work within the jurisdiction of Plumbers Local Union #200, Plumbers Local Union #775, and Plumbers Local Union #457, certain moneys to the Funds described hereinabove (commonly referred to as "fringe benefits"), all as more fully set forth in the aforesaid Collective Bargaining Agreement or Agreements.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That if the Principal shall pay to the Obligees the amount and amounts as specified in the Collective Bargaining Agreement or Agreements, now in force and effect or such Agreement or Agreements as may be in force and effect at the time such fringe benefits become due and payable for all the Funds hereinabove mentioned, in the amount of such fringe benefits as provided for in said Collective Bargaining Agreement or Agreements, together with any and all other and additional amounts provided in said Agreement or Agreements to be paid by the Principal to the Obligees, which such sum or sums shall be payable each week during the term of the Collective Bargaining Agreement or Agreements now in force and effect or the Collective Bargaining Agreement or Agreements which may be in force and effect at the time such fringe benefits become due and payable, or any written modifications, renewals or extensions thereof, or on such other dates or at such other times as may hereafter be agreed upon in writing by the Principal and the Obligees, otherwise to remain in full force and effect.

This bond may be cancelled by the Surety at any time by giving ninety (90) days written notice to the Obligees in which event the Surety's liability shall at this expiration of said ninety (90) days, cease and terminate except as to such liability of the Principal as may have accrued prior to the expiration of said ninety (90) days.

Sealed and Delivered in

By_____
                        (President)

the presence of:

of. LASLE E. TRINK COMPANY, INC.
                (Employer)

By_____

(Corporate Seal)

OF;  Westchester Fire Insurance Company

## ACKNOWLEDGMENT

STATE OF NEW YORK
COUNTY OF NASSAU

} SS:

On this 28th day of February in the year 2007, before me personally came Richard Guarini to me known, who being by me duly sworn, did depose and say that he resides in Amityville, NY; that he is the attorney-in-fact of WESTCHESTER FIRE INSURANCE COMPANY, the corporation described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

NOTARY PUBLIC STAMP
MARY ANN MENDEZ
Notary Public, State of New York
No. 01ME6072456
Qualified in Queens County *KINGS*
Certificate Filed in New York County
Commission Expires Feb. 3, 20 11.

NOTARY PUBLIC

---

## INDIVIDUAL – PRINCIPAL

STATE OF
COUNTY OF

} SS:

On this _____ day of _____, 20_____, before me, the undersigned personally came and appeared _____ to me personally known and known to me to be _____ the individual described in and who executed the foregoing instrument and duly acknowledged to me that _____ executed the same.

NOTARY PUBLIC STAMP

NOTARY PUBLIC

---

## CORPORATION – PRINCIPAL

STATE OF *NEW YORK*
COUNTY OF *SUFFOLK*

} SS:

On this _6th_ day of _MARCH_, 20_02_, before me came _STEPHEN J. TYREE_ to me known, who, being by me duly sworn, did depose and say that he/she resides at _208 ROUTE 109_ _FARMINGDALE, NY  11735_ that he/she is _PRESIDENT_ of **Larry E. Tyree Company, Inc.** the corporation described in and which executed the foregoing instrument as principal; that he/she knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he/she signed his/her name thereto by like order.

NOTARY PUBLIC STAMP CARIDAD SEMLER
Notary Public, State of New York
No. 01SE6013807
Qualified in Queens County
Commission Expires September 21, 2012

NOTARY PUBLIC

---

## PARTNERSHIP - PRINCIPAL

STATE OF
COUNTY OF

} SS:

On this _____ day of _____, 20_____, before me personally came _____ to me personally known, and known to me to be a member of the firm of _____ and he duly acknowledged to me that he executed the same for the uses and purposes therein mentioned.

NOTARY PUBLIC STAMP

NOTARY PUBLIC

WESTCHESTER FIRE INSURANCE COMPANY

FINANCIAL STATEMENT                                    DECEMBER 31, 2005

### ADMITTED ASSETS

| | |
|---|---|
| BONDS | $1,955,482,596 |
| SHORT - TERM INVESTMENTS | 93,489,235 |
| STOCKS | 116,946,856 |
| REAL ESTATE | 0 |
| CASH ON HAND AND IN BANK | 275,775 |
| PREMIUM IN COURSE OF COLLECTION* | 123,588,897 |
| INTEREST ACCRUED | 17,757,019 |
| OTHER ASSETS | 233,080,132 |
| **TOTAL ASSETS** | **$2,542,530,508** |

### LIABILITIES

| | |
|---|---|
| RESERVE FOR UNEARNED PREMIUMS | $427,860,175 |
| RESERVE FOR LOSSES | 1,297,014,793 |
| RESERVE FOR TAXES | 23,819,231 |
| FUNDS HELD UNDER REINSURANCE TREATIES | 0 |
| OTHER LIABILITIES | (46,884,056) |
| **TOTAL LIABILITIES** | **1,702,610,143** |

| | |
|---|---|
| CAPITAL: SPECIAL SURPLUS | 213,300,000 |
| CAPITAL: 988,592 SHARES, $4.86 PAR VALUE | 4,803,871 |
| CAPITAL: PAID IN | 190,936,300 |
| SURPLUS (UNASSIGNED) | 161,278,206 |
| SURPLUS TO POLICYHOLDERS | 640,020,386 |

| | |
|---|---|
| **TOTAL** | **$2,542,630,509** |

(*EXCLUDES PREMIUM MORE THAN 90 DAYS DUE.)

STATE OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

John P. Taylor, being duly sworn, says that he is Vice President of
Westchester Fire Insurance Company and that to the best of his knowledge and belief the
foregoing is a true and correct statement of the said Company's financial condition as of the
31 st day of December, 2005.

Sworn before me this _____ 13th day of April, 2006.

_____
Vice President

_____
Notary Public

_October 21, 2009_
My commission expires

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Danielle M. Gordon, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires Oct. 21, 2009
Member, Pennsylvania Association of Notaries

WESTCHESTER FIRE INSURANCE COMPANY   1178426

**Know all men by these presents:** That WESTCHESTER FIRE INSURANCE COMPANY, a corporation of the State of New York, having its principal office in the City of Atlanta, Georgia, pursuant to the following Resolution, adopted by the Board of Directors of the said Company on November 5, 1992, to wit:

Does hereby nominate, constitute and appoint MILENA DINI, RICHARD GUARDI, GARY MORRISSEY and MARY ANN MENDEZ all of the City of Garden City, State of New York each, severally if there be more than one named, its true and lawful attorney-in-fact ...

IN WITNESS WHEREOF, the said WESTCHESTER FIRE INSURANCE COMPANY ...

WESTCHESTER FIRE INSURANCE COMPANY

Stephen M. Johnson, Vice President

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

NOTARIAL SEAL
Kathleen Tiano, Notary Public
Philadelphia, Philadelphia County
My commission expires ...

Notary Public

I, the undersigned Secretary of WESTCHESTER FIRE INSURANCE COMPANY, do hereby certify that the original POWER OF ATTORNEY ...

February 2007

George D. Mulligan, Secretary

THIS POWER OF ATTORNEY MAY NOT BE USED TO EXECUTE ANY BOND WITH AN INCEPTION DATE AFTER October 20, 2008.

THE BACK OF THIS DOCUMENT LISTS VARIOUS SECURITY FEATURES      THAT WILL PROTECT AGAINST COPY COUNTERFEIT AND ALTERATION.