UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DANNY GRODOTZKE and ROBERT RUGGIERIO as
Trustees of PLUMBERS LOCAL UNION NO. 200
WELFARE FUND, PENSION FUND, VACATION FUND,
SUPPLEMENTAL VESTED ANNUITY FUND,
ADDITIONAL SECURITY BENEFITS FUND and
APPRENTICE TRAINING FUND, and JAY MARELLI as
President of PLUMBERS LOCAL UNION NO. 200,
UNITED ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND PIPE FITTING
INDUSTRY OF THE UNITED STATES AND CANADA,

**SETTLEMENT AGREEMENT**

Civil Action No.: 13-CV-1641
(DRH)(AKT)

                                                    Plaintiffs,

                    -against-

TYREE SERVICE CORP., TYREE HOLDINGS CORP.,
AMINCOR, INC., JOSEPH F. INGRASSIA, ROBERT L.
OLSON, RICHARD OSWALD, JOHN R. RICE III,
STEPHEN J. TYREE, WILLIAM M. TYREE, LARRY E.
TYREE CO., INC. a/k/a LARETCO COMPANY, INC., T.M.
EXCAVATING CORP. a/k/a TMCO COMPANY, INC.,
TYREE MAINTENANCE CO. INC. a/k/a MAINCO
COMPANY, INC., and WESTCHESTER FIRE INSURANCE
COMPANY,

                                                    Defendants.

------------------------------------------------------------x

  **IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiffs and the

Defendants Tyree Service Corp. ("Tyree Service"), Tyree Holdings Corp. ("Tyree Holdings,"

and together with Tyree Service, "Tyree"), Amincor, Inc. ("Amincor"), Joseph F. Ingrassia

("Ingrassia"), Robert L. Olson ("Olson"), Richard Oswald ("Oswald"), John R. Rice III ("Rice"),

Stephen J. Tyree ("Steve Tyree"), William M. Tyree ("Bill Tyree," and together with Ingrassia,

Olson, Oswald, Rice and Steve Tyree, the "Individual Defendants), Larry E. Tyree Co., Inc. a/k/a

Laretco Company Inc. ("Laretco"), T.M. Excavating Corp. a/k/a TMCO Company, Inc.

("TMCO"), Tyree Maintenance Co. Inc. a/k/a Mainco Company, Inc. ("Mainco," and together

with Laretco and TMCO, the "Predecessor Companies"), that this action shall be settled and discontinued as follows:

1.    Tyree agrees to make payment to Plaintiffs in the sum of $152,000.00, inclusive of all claimed damages alleged by plaintiffs in this action, including all fringe benefit contributions, dues and assessments, wage deductions, accrued interest, liquidated damages, attorneys' fees and costs, which sum shall be paid by Tyree in accordance with this Agreement, and, except as expressly set forth in paragraph 2 below, upon payment in compliance with the terms of this Agreement, the payment of said sum shall be in full and complete satisfaction of all such claimed damages allegedly owed to Plaintiffs by Defendants pursuant to Tyree's collective bargaining agreement ("CBA") with Plumbers Local Union No. 200 ("Local 200"), or any CBA allegedly between Local 200 and any Defendant herein, or any predecessor in interest, successor or assign of any Defendant herein, and claimed to be in existence at any time up to and including the date of this Settlement Agreement, including, without limitation, any such damages pursuant to any CBA claimed against any of the Individual Defendants or Predecessor Companies.

2.    Notwithstanding anything herein which is or could be considered to the contrary, the parties acknowledge and agree that Plaintiffs are in the process of auditing Tyree's payroll and related records to determine compliance with Tyree's payment of fringe benefit contributions and assessments required under the CBA ("Audit"), and the parties hereby reserve all rights, remedies, claims and defenses, that any party may have concerning or arising from the Audit; provided, however, that plaintiffs acknowledge and agree that none of the Predecessor Companies have liability for any alleged amounts owed based on underpayments that may be claimed by plaintiffs in the Audit.  The Audit identified by this paragraph shall mean the presently pending Plumbers Local Union No. 200 Fringe Benefit Funds' (the "Funds") audit

2

relating to Employer remittance reports and corresponding fringe benefit contributions submitted by Tyree Service Corp. and/or T.M. Excavating Corp. (the "Employer") for employee payroll hours covered by the CBA, for the five month period ended May 31, 2008, eleven month period ended April 30, 2009, twelve month periods ended April 30, 2010 and 2011, and the eight month period ended December 31, 2011, and the remaining aspects of the Audit shall be limited to reconciliation of the contributions and hours from the Local 200 and Local One reports for the aforesaid period.

3.      The agreed sum of $152,000.00 shall be paid by Tyree to Plaintiffs as follows: (a) $25,000.00 upon execution hereof by Defendants; (b) the balance of $127,000.00 to be paid in eighteen (18) equal monthly installments of principal and interest at the rate of 9% per annum in the sum of $7,568.90 each, as shown on the amortization schedule annexed hereto as Exhibit A, commencing May 15, 2014, and monthly thereafter, on the first day of each succeeding month until October 2015, at which time the said obligation shall be paid in full; provided, however, that in the event any such monthly payment is made by Tyree and is accepted by Plaintiffs after its due date, additional interest at the rate of nine (9%) percent per annum on the amount of such monthly payment (i.e. $1.85 per day) shall accrue from the due date thereof up to and including the date of payment, which interest shall be due and payable by Tyree to Plaintiffs together with such monthly payment.

4.      The foregoing payments are to be forwarded to Plaintiffs' attorneys, Archer, Byington, Glennon & Levine LLP, One Huntington Quadrangle, Suite 4C10, P.O. Box 9064, Melville, New York 11747, Attn.: John H. Byington III, Esq., and are to be made payable to Archer, Byington, Glennon & Levine LLP, as attorneys on behalf of Plaintiffs.

5.    In accordance with the terms and provisions of this Settlement Agreement, Plaintiffs agree to forbear in seeking recovery for liquidated damages in the additional sum of $45,890.77, pursuant to 29 U.S.C. §1132(g)(2), conditioned upon Tyree's compliance with the terms and conditions of this Agreement and full payment of the amounts to be paid pursuant to the terms of this Agreement.

6.    In the event any of the payments described in paragraph 3 above have not been paid on or before their due date, Plaintiffs or their attorneys shall give written notice to Tyree by certified mail, return receipt requested, or by overnight delivery service or by personal delivery, that Tyree is in default in making said payments. Tyree shall have seven (7) days from receipt of said default notice to pay the amounts then due, with interest, failing which the Plaintiffs may without further notice accelerate Tyree's outstanding obligations hereunder, and collect the full amount of such outstanding obligation, with interest, plus liquidated damages in the additional sum of $45,890.77 as provided pursuant to 29 U.S.C. §1132(g)(2), plus the Plaintiffs' legal fees and costs of collection.

7.    Tyree Service and Tyree Holdings have together executed a Promissory Note in the form annexed hereto as Exhibit B, providing for payment of the amounts as provided pursuant to paragraph 3 above, and have each executed an Affidavit of Confession of Judgment in the forms as annexed hereto as Exhibit C, to stand as security for the payments required by this Settlement Agreement. If at any time Tyree fails to make payment of any amounts as required pursuant to paragraph 3 above, or if there is an Event of Default as provided in the said Promissory Note, and if such defaults are not cured as provided pursuant to the said Promissory Note and paragraph 6 above, the Plaintiffs or their attorneys shall be entitled to execute on the judgments entered upon the Affidavits of Confession of Judgment and to collect from Tyree

4

Service and Tyree Holdings, jointly and severally, the full amount of the unpaid obligations hereunder, plus liquidated damages as aforesaid in the additional sum of $45,890.77, plus the Plaintiffs' legal fees and costs of collection.

8.     Tyree Service and Tyree Holdings each hereby acknowledge and agree that the Affidavits of Confession of Judgment and Promissory Note executed herewith are integral to the parties' settlement, and that Plaintiffs would not have entered into this settlement without the agreement of Tyree Service and Tyree Holdings to execute such documents, and that Tyree Service and Tyree Holdings have entered into such Affidavits of Confession of Judgment and Promissory Note voluntarily, for new and valuable consideration, and in order to induce the Plaintiffs to enter into this settlement.

9.     The parties acknowledge, covenant, and agree, that the settlement provided herein is intended by the parties, and in fact is, a substantially contemporaneous exchange for new value given to Tyree, and that neither Tyree Service nor Tyree Holdings, nor any of their or its successors, agents or assigns, shall seek or be entitled to avoid any of the obligations hereunder, or the payments made pursuant to this Settlement Agreement or the Promissory Note, whether as an alleged avoidable preference, fraudulent conveyance, in bankruptcy or otherwise.

10.     All notices, demands or other communications hereunder shall be deemed to have been duly given if in writing and delivered personally or sent by certified mail, return receipt requested, with postage prepaid, or by nationally recognized overnight delivery service, and addressed as set forth below:

(a)     If to Tyree, to the following address:

1350 Avenue of the Americas, 24th Fl
New York, New York 10019
Attn.: Joseph Ingrassia

With a copy to:

Brody, O'Connor & O'Connor, Esqs.
1350 Avenue of the Americas, 24th Floor
New York, New York 10019
Attn.: Scott A. Brody, Esq.

(b)     If to Plaintiffs:

Plumbers Local 200 Fringe Benefit Funds
2123 5th Avenue
Ronkonkoma, New York 11779

With a copy to:

Archer, Byington, Glennon & Levine LLP
One Huntington Quadrangle, Suite 4C10
P.O. Box 9064
Melville, New York 11747
Attn: John H. Byington III, Esq.

11.     All such notices, demands or other communications shall be effective upon receipt, except that if any such notice, demand or other communication is unclaimed or otherwise undeliverable, then such notice, demand or other communication shall be effective three (3) days [one (1) day if by nationally recognized overnight delivery service] after same is mailed.  Any party may change the address to which notices are to be addressed by giving the other party notice in the manner herein set forth

12.     Upon full execution of this Settlement Agreement, and the Promissory Note and Affidavits of Confession of Judgment as provided herein, and payment by Tyree and clearance of the initial $25,000.00 payment hereunder, this action shall be discontinued by the parties pursuant to stipulation substantially in the form annexed hereto as Exhibit "D"; provided, however, that Plaintiffs shall not be prevented by such dismissal from reinstituting the action to enforce the obligations under this Agreement, unless and until all obligations hereunder shall have been fully and finally satisfied.

6

13.     It is the desire and intent of the parties that the terms, provisions, covenants and remedies contained in this Settlement Agreement shall be enforceable to the fullest extent permitted by law.   If any term, provision, covenant or remedy provided in this Settlement Agreement shall, to any extent, be construed to be invalid or unenforceable in whole or in part, then such term, provision, covenant or remedy shall be construed in a manner so as to permit its enforceability under applicable law to the fullest extent permitted by law.   In any case, the remaining provisions of this Settlement Agreement or the application thereof, other than those which have been held invalid or unenforceable by final judicial determination, shall remain in full force and effect.

14.     This Settlement Agreement may be executed by the parties by facsimile and/or electronically in pdf format, and in several counterparts, each of which shall be deemed an original and all of which shall be considered one and the same document.

15.     This Settlement Agreement constitutes a complete and exhaustive expression by the parties hereto of their respective rights and obligations hereunder, and shall not be modified, amended or changed in any respect except in a writing signed by each of the parties hereto.

**IN WITNESS WHEREOF**, the parties have caused this Settlement Agreement to be executed on the dates below written.

**TYREE SERVICE CORP.**

By: _____
      Stephen Tyree, President

Dated: _May 1_____, 2014

**LOCAL 200 FRINGE BENEFIT FUNDS**

By: _____
                                    , Trustee

Dated: _May 13_____, 2014

**TYREE HOLDINGS CORP.**

By: _____
    Stephen Tyree, President

Dated: _May 1, 2014_, 2014

**LOCAL 200 FRINGE BENEFIT FUNDS**

By: _____
                    , Trustee

Dated: _May 13_, 2014

**PLUMBERS LOCAL UNION NO. 200**

By: _____
    Jay Marelli, President

Dated: _May 13_, 2014

**BRODY, O'CONNOR**
**& O'CONNOR, ESQS.**

By: _____
    Scott A. Brody
Attorneys for Defendants
1350 Avenue of the Americas, 24th Floor
New York, New York 10019
212-233-2505

**ARCHER, BYINGTON, GLENNON**
**& LEVINE LLP**

By: _____
    John H. Byington III
Attorneys for Plaintiffs
One Huntington Quadrangle, Suite 4C10
P.O. Box 9064
Melville, New York 11747-9064
631-249-6565

SO ORDERED:

_____
                    U.S.D.J.

Dated: Central Islip, New York
       _____, 2014

738839

8

# EXHIBIT A

Print Story

Page 1 of 1

Great



advertisement

M&T 60 MONTH CD
2.00%
Annual Percentage
Yield (APY)

$1,000 minimum opening
deposit of new money required

APY accurate as of 4/23/2014

 M&T Bank

# Bankrate.com

Comprehensive. Objective. Free.

| Month / Year | Payment | Principal Paid | Interest | Total | Balance |
|---|---|---|---|---|---|
| May 2014 | $7,568.90 | $6,616.40 | $952.50 | $952.50 | $120,383.60 |
| June 2014 | $7,568.90 | $6,666.03 | $902.88 | $1,855.38 | $113,717.57 |
| July 2014 | $7,568.90 | $6,716.02 | $852.88 | $2,708.26 | $107,001.55 |
| Aug. 2014 | $7,568.90 | $6,766.39 | $802.51 | $3,510.77 | $100,235.16 |
| Sept. 2014 | $7,568.90 | $6,817.14 | $751.76 | $4,262.53 | $93,418.02 |
| Oct. 2014 | $7,568.90 | $6,868.27 | $700.64 | $4,963.17 | $86,549.75 |
| Nov. 2014 | $7,568.90 | $6,919.78 | $649.12 | $5,612.29 | $79,629.97 |
| Dec. 2014 | $7,568.90 | $6,971.68 | $597.22 | $6,209.52 | $72,658.29 |
| Jan. 2015 | $7,568.90 | $7,023.97 | $544.94 | $6,754.46 | $65,634.32 |
| Feb. 2015 | $7,568.90 | $7,076.65 | $492.26 | $7,246.71 | $58,557.68 |
| Mar. 2015 | $7,568.90 | $7,129.72 | $439.18 | $7,685.89 | $51,427.96 |
| April 2015 | $7,568.90 | $7,183.19 | $385.71 | $8,071.60 | $44,244.78 |
| May 2015 | $7,568.90 | $7,237.07 | $331.84 | $8,403.44 | $37,007.70 |
| June 2015 | $7,568.90 | $7,291.35 | $277.56 | $8,681.00 | $29,716.35 |
| July 2015 | $7,568.90 | $7,346.03 | $222.87 | $8,903.87 | $22,370.32 |
| Aug. 2015 | $7,568.90 | $7,401.13 | $167.76 | $9,071.65 | $14,969.19 |
| Sept. 2015 | $7,568.90 | $7,456.63 | $112.27 | $9,183.92 | $7,512.56 |
| Oct. 2015 | $7,568.90 | $7,512.56 | $56.34 | $9,240.26 | $0.00 |

**Location of article:**
http://www.bankrate.com/calculators/mortgages/amortization-calculator.aspx

**EXHIBIT B**

# PROMISSORY NOTE

New York, New York
~~April~~ May 1, 2014

**FOR VALUE RECEIVED**, the undersigned, jointly and severally (hereinafter, collectively, the "Maker"), do hereby promise to pay to the order of the Plumbers Local 200 Fringe Benefit Funds (the "Holder") the principal sum of $127,000.00, payable in 18 equal monthly installments of principal and interest at the rate of 9% per annum in the sum of $7,568.90 each, commencing May 15, 2014, and monthly thereafter on the fifteenth (15th) day of each succeeding month until October 15, 2014, as shown on the payment amortization schedule annexed hereto as Exhibit "A"; provided, however, that in the event any such monthly payment is made by Maker and is accepted by Holder after its due date, additional interest of nine (9%) percent per annum on the amount of such monthly payment shall accrue up to and including the date of payment thereof, which additional interest shall be due and payable by Maker to Holder together with such monthly payment.

This Note shall become due and payable immediately upon the occurrence of any of the following events affecting Maker ("Events of Default"):

(a) Voluntary or involuntary filing of a Petition in Bankruptcy;

(b) Application for appointment or appointment of a receiver;

(c) Execution of an assignment for the benefit of creditors;

(d) Sale of all or substantially all of the assets of Tyree Service Corp. or Tyree Holdings Corp.

(e) Sale, assignment or pledge of more than forty-nine (49%) percent of the issued and outstanding shares of Tyree Service Corp. or Tyree Holdings Corp.

It is understood and agreed that in the event of default in payment of any installment at the time same becomes due as provided herein, or failure by Maker to make full payment of any installment payable hereunder, or should there be an Event of Default, as hereinabove provided, then, at the option of Holder, the remaining unpaid installments hereof, together with additional interest at the rate of nine (9%) percent per annum for each dollar of the balance of unpaid installments, shall become due and payable within seven (7) days of written notice to Maker of the default, sent by Holder or their attorneys via certified mail, return receipt requested, or by overnight delivery service or by personal delivery, and immediately upon Maker's failure to cure any such defaults within such seven (7) day period the Holder may without further notice accelerate Maker's outstanding obligations hereunder, and collect from Maker, jointly and severally, the full amount of such outstanding obligation, with interest, together with liquidated damages in the additional sum of $45,890.77 as recoverable pursuant to 29 U.S.C. §1132(g)(2). The failure of Holder to assert this right shall not be deemed a waiver hereof.

Upon any Event of Default or a default in payment by Maker, the Holder may proceed directly against either Tyree Service Corp. or Tyree Holdings Corp. for the entire unpaid amount of this Note, plus interest, liquidated damages, and legal fees and costs.

No delay or failure on the part of the Holder to exercise any power or right shall operate as a waiver thereof, nor shall failure to exercise any such power or right subject the Holder to any liability.

Maker hereby waives presentment for payment, demand, notice of non-payment of this Note, protest and notice of protest.

Maker agrees to make said installment payments payable to "Archer, Byington, Glennon & Levine LLP, as attorneys" on behalf of Holder and to forward said payments to Archer,

2

Byington, Glennon & Levine LLP, Attn: John H. Byington III, Esq. at One Huntington

Quadrangle, Suite 4C10, P.O. Box 9064, Melville, New York, 11747.

    If this Note shall be placed in the hands of an attorney for collection, the Maker further

agrees to pay to Holder, in addition to the amount specified above, the attorneys' fees and costs

incurred in the collection of amounts due under this Note.

    This Note may not be changed or terminated orally.

    This Note shall be paid without claim of setoff, counterclaim or deduction of any nature

for any cause whatsoever.

**TYREE SERVICE CORP.**

By: _____
     Stephen Tyree, President

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF  New York  )

    On the _1_ day of _May_ , 2014, before me personally came _Stephen Tyree_ ,
to me known to be the individual described in and who executed the foregoing instrument, and
acknowledged that he executed the same.

_____
Notary Public

TAHAILA ANTHONETTE HOLNESS
Notary Public, State of New York
No. 01HO6184591
Qualified in Queens County
Commission Expires April 07, 2016

**TYREE HOLDINGS CORP.**

By: _____

Stephen Tyree, President

STATE OF NEW YORK )
                          ) ss.:
COUNTY OF          )

On the 1 day of *May*, 2014, before me personally came *Stephen Tyree*, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

_____
Notary Public

739627

TAHAILA ANTHONETTE HOLNESS
Notary Public, State of New York
No. 01HO6184591
Qualified in Queens County
Commission Expires April 07, 2016

4

**EXHIBIT C**

Confession of Judgment, Ind. or Corp. Blank Court.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------------X

BOARD   OF   TRUSTEES,   PLUMBERS   LOCAL
200FRINGE BENEFIT FUNDS,

|  |  |
|---|---|
| Plaintiffs, | **AFFIDAVIT OF** |
|  | **CONFESSION OF JUDGMENT** |

-against-

TYREE SERVICE CORP.,                                Index No.:

Defendant.
---------------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF New York.   ss.:

Stephen Tyree, *being duly sworn, deposes and says:*

That he is the President of Tyree Service Corp., a Delaware corporation authorized to conduct business in the State of New York, and he is duly authorized to execute this Affidavit of Confession of Judgment on behalf of defendant.

That defendant Tyree Service Corp. confesses judgment herein and authorizes entry thereof against defendant in the sum of $127,000.00, with interest at nine (9%) percent per annum, plus liquidated damages in the additional sum of $45,890.77 upon default.

Defendant's principal office is at 1350 Avenue of the Americas, 24th Floor, New York, New York 10019. Defendant authorizes entry of judgment in Nassau County, New York.

This confession of judgment is for a debt ($127,000.00) justly due to the plaintiff arising from the following facts:

A Settlement Agreement and Promissory Note executed by defendant for payment to plaintiffs in the principal amount of $127,000.00, payable in eighteen (18) monthly installments with interest at the rate of nine (9%) percent per annum, in the sum of $7,568.90 each, plus additional interest of nine (9%) per annum on the amount of unpaid installments, and liquidated damages in the additional sum of $45,890.77, upon default.

This affidavit, if made in connection with an agreement for the purchase for $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in the payment of an installment thereunder.

TYREE SERVICE CORP.       /

By: _____
       Stephen Tyree, President

Sworn to before me this
1st day of April, 2014

Notary Public

TAHAILA ANTHONETTE HOLNESS
Notary Public, State of New York
No. 01HO6184591
Qualified in Queens County
Commission Expires April 07, 2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------X

BOARD OF TRUSTEES, PLUMBERS LOCAL 200    *Index No.:*
FRINGE BENEFIT FUNDS,    *Address of Plaintiffs:*

Plaintiffs,

-against-        ***JUDGMENT BY CONFESSION***

TYREE SERVICE CORP.,

Defendant.
--------------------------------------------------------X

| | | |
|---|---|---:|
| *Amount Confessed* ......................................... $ | | $127,000.00 |
| *Interest* ......................................... $ | | |
| *Liquidated Damages* ........................................ $ | | $ 45,890.77 |
| *Costs by Statute* ......................................... $ | | |
| *Transcript* ......................................... $ | | |
| *Fees on Execution* ......................................... $ | | |
| *Satisfaction* ......................................... $ | | |
| *Filing Fee* ......................................... $ | | _____ |
| | *Total* | $_____ |

STATE OF NEW YORK, COUNTY OF _____

**ATTORNEY'S AFFIRMATION**

    The undersigned, attorney at law of the State of New York, affirms that *he is attorney of record for the plaintiffs herein and states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms this statement to be true under the penalties of perjury.*

*Dated:*

                                      _____

    JUDGMENT entered the          *day of*          *, 20____.*
*On filing the foregoing affidavit of Confession of Judgment made by the defendant herein, sworn*
*to the*      *day of_____, 20___,*
    *NOW, ON MOTION OF ARCHER, BYINGTON, GLENNON & LEVINE, LLP attorneys for*
*plaintiffs, it is ADJUDGED that the BOARD OF TRUSTEES, PLUMBERS LOCAL 200 FRINGE*
***BENEFIT FUNDS***

*plaintiffs,*

*with an office at 2123 5ᵗʰ Avenue, Ronkonkoma, New York 11779*
*do recover of TYREE SERVICE CORP.*

*defendant,*

*with an office at 1350 Avenue of the Americas, 24ᵗʰ Floor, New York, New York 10019*
*the sum of $_____ with interest of $_____ making a total of*
*$_____ together with $_____ in costs and disbursements, amounting in all*
*to the sum of $_____ and that the plaintiffs have execution therefor.*

                                      _____

*Clerk*

Index No.:

SUPREME COURT OF THE
STATE OF NEW YORK
COUNTY OF NASSAU

BOARD OF TRUSTEES,
PLUMBERS LOCAL 200
FRINGE BENEFIT
FUNDS,

Plaintiffs,

-against-

TYREE SERVICE CORP.,

Defendant.

Affidavit of
Judgment by
Confession

Archer, Byington,
Glennon & Levine, LLP
Attorney(s) for
Plaintiff
Office and Post Office
Address
One Huntington
Quadrangle, Suite 4C10
P.O. Box 9064
Melville, New York
11747
631) 249-6565

Confession of Judgment, Ind. or Corp. Blank Court.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

BOARD OF TRUSTEES, PLUMBERS LOCAL
200 FRINGE BENEFIT FUNDS,

|  |  |
|---|---|
| Plaintiffs, | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |

-against-

TYREE HOLDINGS CORP.,

Index No.:

Defendant.
-------------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF New York       ss.:

Stephen Tyree, *being duly sworn, deposes and says:*

That he is the President of Tyree Holdings Corp., a Delaware corporation authorized to conduct business in the State of New York, and he is duly authorized to execute this Affidavit of Confession of Judgment on behalf of defendant.

That defendant Tyree Holdings Corp. confesses judgment herein and authorizes entry thereof against defendant in the sum of $127,000.00, with interest at nine (9%) percent per annum, plus liquidated damages in the additional sum of $45,890.77 upon default.

Defendant's principal office is at 1350 Avenue of the Americas, 24th Floor, New York, New York 10019. Defendant authorizes entry of judgment in Nassau County, New York.

This confession of judgment is for a debt ($127,000.00) justly due to the plaintiff arising from the following facts:

A Settlement Agreement and Promissory Note executed by defendant for payment to plaintiffs in the principal amount of $127,000.00, payable in eighteen (18) monthly installments with interest at the rate of nine (9%) percent per annum, in the sum of $7,568.90 each, plus additional interest of nine (9%) per annum on the amount of unpaid installments, and liquidated damages in the additional sum of $45,890.77, upon default.

This affidavit, if made in connection with an agreement for the purchase for $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in the payment of an installment thereunder.

TYREE HOLDINGS CORP.

By: _____
     Stephen Tyree, President

Sworn to before me this
19 day of ~~April~~ 2014
     Mau

_____
Notary Public

TAHAILA ANTHONETTE HOLNESS
Notary Public, State of New York
No. 01HO6184591
Qualified in Queens County
Commission Expires April 07, 2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X
BOARD OF TRUSTEES, PLUMBERS LOCAL 200   *Index No.:*
FRINGE BENEFIT FUNDS,                   *Address of Plaintiffs:*

                                        Plaintiffs,


            -against-                   ***JUDGMENT BY CONFESSION***

TYREE HOLDINGS CORP.,

                                        Defendant.
------------------------------------------------------------X

| | | |
|---|---|---:|
| *Amount Confessed* ................................................ $ | | $127,000.00 |
| *Interest* ........................................................... $ | | |
| *Liquidated Damages*............................................ $ | | $ 45,890.77 |
| *Costs by Statute* ................................................. $ | | |
| *Transcript* ........................................................ $ | | |
| *Fees on Execution*............................................... $ | | |
| *Satisfaction* ....................................................... $ | | |
| *Filing Fee* ......................................................... $ | | _____ |
| | *Total* | $_____ |

STATE OF NEW YORK, COUNTY OF _____

**ATTORNEY'S AFFIRMATION**
     The undersigned, attorney at law of the State of New York, affirms that *he is attorney of record*
*for the plaintiffs herein and states that the disbursements above specified are correct and true and have*
*been or will necessarily be made or incurred herein and are reasonable in amount and affirms this*
*statement to be true under the penalties of perjury.*

*Dated:*

     JUDGMENT entered the       *day of*       *, 20____.*
     *On filing the foregoing affidavit of Confession of Judgment made by the defendant herein, sworn*
*to the*       *day of_____, 20___,*
     *NOW, ON MOTION OF ARCHER, BYINGTON, GLENNON & LEVINE, LLP attorneys for*
*plaintiffs, it is ADJUDGED that the BOARD OF TRUSTEES, PLUMBERS LOCAL 200 FRINGE*
*BENEFIT FUNDS*

                                            *plaintiffs,*
*with an office at 2123 5ᵗʰ Avenue, Ronkonkoma, New York 11779*
*do recover of TYREE HOLDINGS CORP.*

                                         *defendant,*
*with an office at 1350 Avenue of the Americas, 24ᵗʰ Floor, New York, New York 10019*
*the sum of $_____ with interest of $_____ making a total of*
*$_____ together with $_____ in costs and disbursements, amounting in all*
*to the sum of $_____ and that the plaintiffs have execution therefor.*

                                                            *Clerk*

Index No.:

SUPREME COURT OF THE
STATE OF NEW YORK
COUNTY OF NASSAU

BOARD OF TRUSTEES,
PLUMBERS LOCAL 200
FRINGE BENEFIT
FUNDS,

        Plaintiffs,

    -against-

TYREE HOLDINGS
CORP.,

        *Defendant.*

Affidavit of
Judgment by
Confession

Archer, Byington,
Glennon & Levine, LLP
*Attorney(s) for*
*Plaintiff*
*Office and Post Office*
*Address*
One Huntington
Quadrangle, Suite 4C10
P.O. Box 9064
Melville, New York
11747
(631) 249-6565

**EXHIBIT D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

DANNY GRODOTZKE and ROBERT RUGGIERIO as Trustees of
PLUMBERS LOCAL UNION NO. 200 WELFARE FUND,
PENSION FUND, VACATION FUND, SUPPLEMENTAL
VESTED ANNUITY FUND, ADDITIONAL SECURITY
BENEFITS FUND and APPRENTICE TRAINING FUND, and
JAY MARELLI as President of PLUMBERS LOCAL UNION NO.
200, UNITED ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND PIPE FITTING
INDUSTRY OF THE UNITED STATES AND CANADA,

**STIPULATION OF DISMISSAL**

Civil Action No.: 13-CV-1641
            (DRH)(AKT)

                                        Plaintiffs,

            -against-

TYREE SERVICE CORP., TYREE HOLDINGS CORP.,
AMINCOR, INC., JOSEPH F. INGRASSIA, ROBERT L. OLSON,
RICHARD OSWALD, JOHN R. RICE III, STEPHEN J. TYREE,
WILLIAM M. TYREE, LARRY E. TYREE CO., INC. a/k/a
LARETCO COMPANY, INC., T.M. EXCAVATING CORP. a/k/a
TMCO COMPANY, INC., TYREE MAINTENANCE CO. INC.
a/k/a MAINCO COMPANY, INC., and WESTCHESTER FIRE
INSURANCE COMPANY,

                                        Defendants.
--------------------------------------------------------------------------------x

            IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the

parties in the above-captioned action, that this action is hereby dismissed pursuant to Fed. R. Civ. P.

41(a), without costs to any party.

Date:   Melville, New York
            May _____, 2014


ARCHER, BYINGTON, GLENNON                    BRODY, O'CONNOR & O'CONNOR, ESQS.
   & LEVINE, LLP


By: _____          By: _____
        John H. Byington III                        Scott A. Brody
Attorneys for Plaintiffs                     Attorneys for Defendants
One Huntington Quadrangle, Suite 4C10        1350 Avenue of the Americas, 24th Fl.
P.O. Box 9064                                New York, New York 10019
Melville, New York 11747

739625